PER CURIAM:
Claimant, Fork Ridge Volunteer Fire Department, Inc., alleges that the respondent, State Fire Marshal, wrongfully denied it a share of funds distributable from municipal pension and protection funds for the Fiscal Year 1985-1986. Certified similar fire departments had each received $4,575.93. The funds are provided by a State tax on fire and casualty insurance premiums.
In W.Va. Code §33-3-14d (b), The State Fire Marshal, "... Before the first day of August ... of each calendar year ... is required to report to the State Treasurer names nad addresses of all volunteer and part volunteer fire companies and departments within the State which meet the eligibility requirements established in W.Va. Code §8-15-8a." One of the requirements therein is that:
*102 " Each volunteer or part volunteer fire company or department must: (a) Submit and maintain current submission of fire loss data to the state fire marshal, including verification via notary public, if no fire loss has occurred;"
The State Fire Marshal provides forms for the filing of monthly reports for satisfying this requirement and forms for applying for certification. Claimant had timely filed its application for certification.
Walter Smittle, III, the State Fire Marshal, testified that he had not certified the claimant to the Treasurer because he had not received reports from the claimant for the months of September 1985, and February and March of 1986, when he submitted his certification to the State Treasurer on July 30, 1986, for the fiscal year 1985-1986. He stated that the provisions of the West Virginia Code do not make any provisions for his department to recertify departments after August 1, 1986. He indicated that the September report was received August 11, 1986, and the February and March reports were received August 15, 1986.
No witness on behalf of the claimant was able to establish that the reports from the missing months had been timely filed or mailed by the claimant. Claimant's witness stated that the reports had been mailed, but he could not establish a date for the mailing of the reports.
Although the Court is aware of the fine service provided by volunteer fire departments such as this claimant, the Court must, upon the testimony and exhibits and upon the applicable statutes, deny this claim.
Claim disallowed.